

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 26, 1972

Hon. J. W. Edgar
Commissioner of Education
Texas Education Agency
201 East 11th Street
Austin, Texas 78701

Opinion No. M-1052

Re: Whether retired employees of the Texas Education Agency, who are not receiving retirement benefits as members of the Employees Retirement System, are eligible for premium payments on group insurance policies equal to that of regular active employees, and related questions?

Dear Dr. Edgar:

In your recent letter you requested our interpretation of Subdivision B of Section 9 of Article 6228a, Vernon's Civil Statutes, Section 10 of Article V of the Appropriation Act of 1971 (S.B. 11, Acts 62nd Leg., R S., 1971, p. V-38) and of Section 3 of the Appropriation Act.

Subdivision B of Section 9 of Article 6228a was a new addition to the statute enacted by the 62nd Legislature. Section B provides that the Board of Trustees of the Employees Retirement System of Texas shall adopt rules to provide for participation in the premium costs of Group Life and Health Insurance Coverage for member retirees of the System.

You state in your letter that very few retired employees of the Texas Education Agency and its Special Schools are members of the Employees Retirement System.

We quote your first question as follows:

"1.  Are employees of this Agency who have retired from active service with the State, and who are not receiving retirement benefits as members of the Employee Retirement System, eligible for payment of premiums on policies containing group life, health, accident, accidental death and dismemberment, disability income replacement and hospital, surgical and/or medical expense, equal to that of its regular employees?"

Subdivision A of Section 3, Article 6228a provides that persons who are covered by the Teacher Retirement Act shall not be eligible for participation in the Employees Retirement System of Texas as defined in Section 2 of Article 6228a. Therefore, any retired employees of your agency who are retired under the provisions of the Teacher Retirement System are specifically excluded from Article 6228a. Subdivision B of Section 9, Article 6228a by its very specific terms applies only to "member retirees" of the Employees Retirement System of Texas. We must conclude that unless a person is a member retiree of the Employees Retirement System of Texas, the person would not be entitled to the provisions of that system.

Section 10 of Article V of the Appropriation Bill of 1971 (S.B. 11, Acts 62nd Leg., R.S. 1971, p.V-38) is entitled "Limitations on Use of Other Expense Funds for Paying Salaries and Wages." This section has previously been construed by this office in Attorney General's Opinion M-919 (1971), in which it was concluded that the word "shall" in the fourth paragraph did not make State contributions mandatory. We held that "shall" was mandatory only in designating the funds from which any contribution must be made.

Section 3 of Article V of the Appropriations Act (S. B. 11, Acts 62nd Leg., R.S. 1971, p.V-33) authorizes the responsible official to transfer into the operating fund of the agency from local funds and federal grants sufficient monies

to pay the State's share of premiums for insurance for re-tired employees. We can not construe Section 3, however, as enabling legislation to the Texas Education Agency to pay a portion of the premiums for the insurance of its retired em-ployees.

Section 44 of Article III of the Constitution of Texas provides that the Legislature shall not grant by appro-priation or otherwise any amount of money out of the Treasury of the State to any individual on a claim, real or pretended, when the same shall not have been provided for by pre-existing law. This provision of the Constitution has been construed to mean that the Legislature has no power to make an appropriation unless at the very time the appropriation was made there existed some pre-existing law authorizing the same. Ft. Worth Cavalry Club, Inc. vs. Sheppard, Controller, 835 S.W. 660 S.Ct. 1935.

In Austin National Bank of Austin vs. Sheppard, 123 Tex. 272 71 S.W.2d 242 (1934) our Supreme Court held that the Legislature cannot appropriate State money to any individual unless at the very time the appropriation is made there is al-ready in force some valid law constituting the claim the appro-priation is made to pay a legal and valid obligation of the State.

Since Article 6228a specifically excludes retired em-ployees of the Texas Education Agency from its provisions and there is no previous existing law similar to Subdivision B of Section 9 of Article 6228a, which would be applicable to the Texas Education Agency, we must answer your question in the neg-ative.

In view of the negative answer to your first question, it becomes unnecessary to answer your second and third questions.

### S U M M A R Y

Subdivision B of Section 9 of Article 6228a, V.C.S., does not include retired em-ployees of the Texas Education Agency in its

provisions unless those retired employees are members of the Employees Retirement System of Texas as defined in Section 2 of Article 6228a, V.C.S. The 1971 Appropriation Bill (S.B. 11, Acts 62nd Leg., R.S.) is legally insufficient to authorize the Texas Education Agency to participate separately in the payment of premiums of insurance for its retired employees, there being no pre-existing law to support it as required by Article III, Section 44, Constitution of Texas.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Robert W. Gauss
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Houghton Brownlee
Ronnie Driver
John Grace
Jim Swearingen

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant